**UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **ALLIED ALLOYS, L.P.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:09-CV-112** |
| ) | |
| **OMNISOURCE CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Allied Alloys, L.P.'s ("Allied") Motion for Leave to File Amended Original Complaint (Docket # 30), seeking leave to amend its complaint primarily to reduce the amount of damages it seeks in this case, reflect new ownership information, and clarify one basis for its breach of contract claim. Defendant OmniSource Corporation opposes Allied's motion, arguing that it has failed to establish good cause for the untimely amendments and that justice does not require that Allied be given leave to amend. (Docket # 33.)

For the following reasons, Allied's motion will be GRANTED.

### I. FACTUAL AND PROCEDURAL HISTORY

Allied filed this breach of contract action against OmniSource in this Court on April 24, 2009, under 28 U.S.C. § 1332. (Docket # 1.) The dispute arises out of three purchase contracts entered into by the parties concerning Allied's sale of recycled stainless steel to OmniSource. (Compl. ¶ 15.) Apparently, Allied's shipments of steel to OmniSource via Barge 304 and Barge 400 were rejected because the steel was allegedly "nonconforming". (Compl. ¶ 23.)

A scheduling conference was held on June 30, 2009, at which the following deadlines were established: February 26, 2010, for the completion of discovery; November 13, 2009, for any amendments to the pleadings by Allied; and November 20, 2009, for any amendments to the pleadings by OmniSource. (Docket # 18, 20.) The discovery deadline was later extended until July 16, 2010. (Docket # 23, 25, 32.)

On January 5, 2010, after the deadline to amend its pleadings had passed, Allied filed an amended complaint without requesting leave of Court, which it later admitted was in error. (Docket # 26; Pl.'s Mot. For Leave to File Am. Original Compl. 1-2.) OmniSource moved to strike the amended complaint, and the Court did so. (Docket # 27, 29.) Then, on February 17, 2010, Allied filed the instant motion, requesting leave to file an amended complaint that primarily reduces the amount of damages it seeks, reflects new ownership information, and clarifies one basis for its breach of contract claim. (Docket # 30.)

## II. DEFENDANTS' MOTION TO AMEND

### A. Standard of Review

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a). However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements

of Federal Rule of Civil Procedure 16 because once the district court has filed a pretrial scheduling order pursuant to Rule 16 establishing a time table for amending pleadings, that rule's standards control. *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)); *see also Lauer v. Patriot Paint Co.*, No. 1:06-CV-0244, 2007 WL 2068595, at *2 (N.D. Ind. July 17, 2007); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

Thus, "a party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *BKCAP*, 2010 WL 1222187, at *2 (quoting *Tschantz*, 160 F.R.D. at 571). "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Tschantz*, 160 F.R.D. at 571 (quoting *Johnson*, 975 F.2d at 609). "Rather, the good cause standard focuses on the diligence of the party seeking the amendment." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571). "In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *Id.* (citing *Tschantz*, 160 F.R.D. at 571).

### III. DISCUSSION

Here, the deadline for Allied to amend its complaint expired on November 13, 2009, that is, three months before Allied filed the instant motion. However, Allied argues that it has good

3

cause for its untimely request to amend.

On that front, Allied explains that OmniSource took until October 20, 2009, to respond to its July discovery requests and then produced over 4,500 pages of documents. (Mot. for Leave 2-3.) Allied states that it needed time to review these documents and to coordinate dates to conduct depositions of OmniSource personnel, which ultimately took place on December 9 and 11, 2009, almost one month after the deadline to amend the pleadings had passed. (Mot. for Leave 3.) Allied explains that it was during these December 2009 depositions that it first learned that it was OmniSource, *not* a third-party as OmniSource had previously represented, who decided to reject the 304 Barge shipment of steel. (Mot. for Leave 3.)

OmniSource does not challenge Allied's showing of good cause with respect to its proposed amendment concerning Barge 304. Instead, it argues that Allied's good cause centers on just one, rather than all, of its proposed amendments. (Mem. in Opp'n 2.) Nonetheless, OmniSource's attempt to undermine Allied's showing of good cause is ineffective. It is undisputed that Allied learned new information at its December depositions about which party rejected Barge 304—information that was directly contrary to OmniSource's prior representations to Allied. Allied then acted with reasonable diligence to amend its complaint within two months to accommodate this new information, and thus undue delay is simply not evident here. *See BKCAP*, 2010 WL 1222187, at *2; *Tschantz*, 160 F.R.D. at 571. Therefore, Allied has established good cause under Rule 16 to amend its pleading.

Turning to Rule 15(a), Allied emphasizes that leave to amend should be granted because no undue delay, dilatory motive, futility, or undue prejudice exists as a result of its proposed amendments. (Mot. for Leave 4); *see Ind. Funeral Dirs. Ins. Trust*, 347 F.3d at 655. Indeed,

OmniSource does not suggest that it will be prejudiced by *any* of the amendments that Allied proposes.¹ *See generally Caterpillar, Inc. v. Estate of Lacefield-Cole*, 520 F. Supp. 2d 989, 995 (N.D. Ill. 2007) (explaining that "the ability to freely amend must be balanced against the prejudice to the opposing party as a result of the amendment"). Instead, OmniSource contends that Allied's amendment concerning its damages not only reduces the amount but also incorporates a change to the damages' statutory basis— a change that it asserts results in the amendment's futility.

OmniSource elaborates that Indiana Code § 26-1-2-706(3) requires that the seller must give the buyer notice of his intention to resell, and it argues that Allied has not pleaded this notice element of its claim for damages. Allied disagrees, emphasizing that the provision in its complaint stating that it had "fully performed its contractual obligations, and all conditions precedent to Allied's claim for relief have been performed or have occurred" is sufficient to plead notice. (Compl. ¶ 45; Mot. for Leave Ex. A ¶ 46.)

Allied's argument is persuasive. "Unless some exception applies, the default rule is that notice is a condition precedent." *Collins v. Pfizer, Inc.*, No. 1:08-cv-0888-DFH-JMS, 2009 WL 126913, at *2 (S.D. Ind. Jan. 20, 2009) ("Notice of breach of warranties is a substantive condition precedent to recovery for an asserted breach."); *see, e.g.*, *McClure Oil Corp. v. Murray Equip., Inc.*, 515 N.E.2d 546, 554 (Ind. Ct. App. 1987). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Consequently, OmniSource's suggestion of futility concerning Allied's

---

¹ Allied's proposed amended complaint also rewords some of its original allegations, such as changing allegations concerning a "premium or penalty" to allegations concerning an "adjustment". (*See, e.g.*, Mot. for Leave Ex. A ¶ 17.) While OmniSource nitpicks at these changes, it does not suggest that it is prejudiced by any of them.

5

proposed amendment concerning the damages provision is unpersuasive.

Therefore, in light of Rule 15(a)'s mandate to freely grant leave in the interest of justice and since OmniSource makes no suggestion that it will be prejudiced from any of the proposed amendments, Allied's motion for leave to file the proposed amended complaint will be GRANTED.

## IV.  CONCLUSION

Plaintiff's Motion for Leave to File Amended Original Complaint (Docket # 30) is GRANTED, and the Clerk is directed to show the Amended Original Complaint filed. Defendant is to file an answer to the Amended Complaint within fourteen days.

SO ORDERED.

Enter for April 15th, 2010.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge
